GLICKSTEIN, Judge.
This is an appeal by Mr. and Mrs. Curcio from an amended final judgment resulting from three adverse jury verdicts as well as a directed verdict. Joining them in the appeal is Crescent 609 Corporation d/b/a Safari Aviation against which two of the jury verdicts as well as the directed verdict remain effective.
Appellee Cessna Finance Company, the recipient of two of the jury verdicts, cross-appeals, contending that Crescent 609 Corporation should not have been removed from the effect of one of the jury verdicts by the trial judge pursuant to post-trial motion.[1]
*870 The action was originated by Cessna Finance Company in 1978 against all three appellants upon an agreement, bond and mortgage executed in May, 1975, for the sum of $141,465.65. The Curcios filed an answer, alleging eleven affirmative defenses. Although one of the defenses was failure to state a cause of action, the only ground asserted was the absence of an allegation that the plaintiff had performed all of its obligations. Mrs. Curcio further asserted that she was not a party to the agreement and executed the bond and mortgage for the purpose of assisting in providing security.[2] In the complaint, Cessna Finance Company alleged that Crescent 609 Corporation was the vehicle by which Mr. Curcio subsequently engaged in buying and leasing aircraft as well as other business related thereto and that the “business” was obligated under the contract as well as Curcio. Crescent filed a short answer in which it asserted only that it was adopting the Curcio answer.
Ultimately, all appellants filed a two-count amended counterclaim against Cessna Finance Company and Cessna Aircraft Company.[3] In Count I, appellants alleged the former to be the alter ego of the latter on the one hand while simultaneously contending in the same count that the two corporations conspired to take away from appellants their aircraft dealership and flight school obtained pursuant to the agreement with Cessna Finance Company. They further alleged that the two corporations defrauded the appellants, ostensibly by inducing them to execute the agreement, bond and mortgage by wrongful assurances as to the dealership and flight school. In the ad damnum clause, compensatory and punitive damages were sought only against Cessna Finance Company. In Count II, appellants alleged Cessna Aircraft Company to be guilty of fraud and sought compensatory and punitive damages against it.
The able trial judge, sensing some eviden-tiary drought, directed a verdict in favor of Cessna Aircraft Company on Count I. However, he let the jury decide the corporation’s fate on Count II as well as that of Cessna Finance Company on its complaint and on Count I of the amended counterclaim. The jury absolved both Cessna corporations of any liability, rendering verdicts against all appellants on the amended counterclaim. It also found that all appellants owed Cessna Finance Company the original sum of the bond and mortgage.
Crescent, by means of motion for new trial or in the alternative to modify final judgment, persuaded the trial court to amend the final judgment and exclude it from the verdict in favor of Cessna Finance Company on the latter’s complaint.
Appellants raise three points in support of the main appeal. As for their first point, they have provided us with no supportive authority whatsoever in either of their briefs (nor has the appellee involved). The point is directed to the verdict in favor of Cessna Finance Company on its complaint and has three elements; namely, that Mrs. Curcio is not liable for damages be *871 cause she did not execute the agreement as did her husband; that her execution of the bond and mortgage was solely as a legal bystander, her joinder being required by law to make the instrument effective; and that appellee’s action was on the agreement as opposed to a “foreclosure” action on the bond and mortgage. First, the record fails to disclose that appellants made any objection to the introduction of the bond and mortgage on this ground or that they raised this point in their motions for directed verdict; thus it appears their attempt to argue this point for the first time after the trial is untimely. See Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980). Second—and determinative in our thinking — the action was to collect on the bond as well as being based on the agreement, and it is patent by their pursuit of the amended counterclaim that Mr. and Mrs. Curcio, as well as Crescent, collectively considered themselves indispensable parties to the entire transaction. In Gallion v. Belk, 180 So.2d 349 (Fla. 1st DCA 1965) where a joint venture was found, the wife was held liable on a note executed with her husband. The wife in this case claimed direct financial benefit from the transaction;[4] therefore, her execution of the bond had the same legal effect as the execution by her husband. Appellants’ first point then fails.
Their second point is equally uncom-pelling. Again their attack is directed to the verdict rendered in favor of Cessna Finance Company on its complaint, and they contend there was no consideration for Mr. Curcio’s agreement with that corporation. Appellants have apparently considered the evidence in the light most favorable to themselves, which is inappropriate. Our review of the record discloses substantial, competent evidence of consideration.
Third, appellants argue the trial court erred in directing a verdict in favor of Cessna Aircraft Company on Count I of the amended counterclaim. They first contend that there was a question of fact for the jury upon the issue whether Cessna Finance Company was the alter ego of Cessna Aircraft Company. We agree with the trial court’s conclusion that the proof of the latter’s dominance and control of the former was insufficient to be considered by the jury.[5] Appellants’ next propound that there was sufficient proof to go to the jury on the issue of conspiracy by Cessna Aircraft Company. Ignoring the absence of any demand for relief in Count I against the subject corporation, the proof is void of any conspiracy or agreement between the two corporations that would withstand a directed verdict. See Quigg v. Helm, 119 Fla. 693, 161 So. 55 (1935).[6] Therefore, we affirm on the main appeal.
In contrast to appellants’ arguments in the main appeal, that raised by Cessna Finance Company in its cross-appeal has merit. The trial court was convinced by Crescent in its post-trial motion that the verdict against it could not stand, the arguments being that it did not execute the agreement, bond or mortgage and was not *872 in existence when these instruments were executed. There are a number of reasons to compel reversal of that part of the amended final judgment. First, Crescent’s motion on this point was essentially a motion to dismiss on the ground that the complaint failed to state a cause of action. As such, it was untimely because such motion can be made as late as the trial of an action but not thereafter. Fla.R.Civ.P. 1.140(h)(2).[7] Second, the complaint alleges that Mr. Curcio conducted his business by means of Crescent and there is testimony corroborating such conduct after May 1, 1975. Third, not only did Crescent remain silent upon this point in the motions for directed verdict at trial,[8] it simultaneously pursued an amended counterclaim for compensatory and punitive damages against Cessna Finance Corporation based on the transaction it disavowed. Accordingly, on the cross-appeal, we reverse that part of the amended final judgment and remand with direction to reinstate the verdict against Crescent on the original complaint.
AFFIRMED ON APPEAL; REVERSED AND REMANDED ON CROSS-APPEAL.
DOWNEY and HURLEY, JJ., concur.

. Appellee, Cessna Aircraft Company, the recipient of the directed verdict and one of the three jury verdicts, seeks no affirmative relief from this court.

. The agreement was a four page letter agreement executed by Mr. Curcio which provided for a number of matters involving Cessna aircraft and which required a bond and mortgage. The “bond” was that type of instrument defined in Black’s Law Dictionary 161 (5th ed. 1979) as:
A written obligation, made by owner of real property, to repay a loan under specific terms, usually accompanied by a mortgage placed on land as security.
The land in this case was located in New York, which explains the printed form of bond and mortgage used by the parties. By the terms of the bond and mortgage, the Curcios obligated themselves to pay Cessna Finance Company $154,446.33. The foregoing sum represented the amount owed Cessna Finance Company by third parties who had sold aircraft out of trust. On May 8, 1975, Mr. Curcio executed an agreement with these third parties by which he undertook the obligation to enter into a separate agreement with Cessna Finance Company to pay the sum owed by the third parties. The Curcio-Cessna letter agreement is dated May 7, 1975, and the date of execution of the bond and mortgage is May 12, 1975.

. The initial pleading against Cessna Aircraft Company was a third party complaint, which the trial court later permitted to be restyled so that both Cessna corporations were “counter-defendants.”

. Illustrative of this claim is paragraph 10 of the amended counterclaim wherein Mrs. Curcio and the other appellants allege the counterde-fendants conspired to take away from them the aircraft dealership and flight school extended to' appellants in exchange for the agreement, bond and mortgage.

. In Vantage View, Inc. v. Bali East Development Corp., 421 So.2d 728 (Fla. 4th DCA 1982) we discussed at length parent liability based on the theory of alter ego and in a note suggested that the issue becomes one of fact. That suggestion presupposes proof of sufficient indicia of dominance and control. In this case, the only elements of dominance and control were (1) aircraft’s ownership of Finance’s capital stock; (2) a common director shared by both corporations; (3) Finance’s lease or purchase of time on Aircraft’s computer; (4) Finance’s lease of space for its corporate offices on the grounds of a fabrication plant owned by Aircraft; (5) use of the existence of Finance as a selling point for Aircraft in seeking out new dealers; and (6) an attorney’s representation of both corporations.

.While it played no part in our review of the directed verdict in favor of Cessna Aircraft company, the jury did consider Count I as to Cessna Finance Company — which the evidence established as the major protagonist — and absolved it of any liability for conspiracy and fraud.

. Fla.R.Civ.P. 1.140(h)(2) provides:
The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in either a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.
The concomitant federal rule is Fed.R.Civ.P. 12(h)(2), which provides:
A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.
In discussing the federal rule, 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1392 (1969) states:
According to the plain language of Rule 12(h)(2), the three enumerated defenses are waived if they are not presented before the close of trial. Thus, for example, they may not be asserted for the first time on appeal and at least one court of appeals has held that the words “at the trial” do not permit the defense to be asserted by a motion for judgment notwithstanding the verdict.
(Footnote omitted.)
We have earlier alluded to the absence of anything in Crescent’s answer to raise this question before the trial court; and we do not find it raised thereafter in timely fashion.

. See Diaz v. Rodriguez, 384 So.2d at 907.