448 So.2d 510 (1983)
CITY OF MIAMI SPRINGS, a Municipal Corporation Organized under the Laws of the State of Florida, and E. Michael Myers, As City Manager, Petitioners,
v.
The Honorable Frederick N. BARAD, Circuit Court Judge in the Eleventh Judicial Circuit in and for Dade County, Florida, and Earl C. Steffen, Respondents.
No. 83-1923.
District Court of Appeal of Florida, Third District.
December 14, 1983.
Paul, Landy, Beiley & Harper and Joseph S. Rosenbaum and Robert M. Sondak, Weintraub, Weintraub, Seiden, Dudley & Press and Robert Orshan, Miami, for petitioners.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for respondents.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
We grant the petition for writ of prohibition filed by the petitioners, the defendants below, the effect of which is to prohibit the respondent trial judge from exercising jurisdiction over Count One of Respondent Steffen's amended complaint, which requests, in essence, a declaration that Steffen was wrongfully demoted from police chief to detective and prays for reinstatement to his former position with back pay. We hold that Steffen, having voluntarily submitted himself to and fully utilized the administrative review procedures provided by the Miami Springs Code of Ordinances and having been accorded a quasi-judicial hearing before the Civil Service Board on his claim of wrongful demotion, is not entitled to a de novo hearing in the Circuit Court on this claim, but instead must institute an appropriate proceeding in the Circuit Court, sitting in its appellate capacity, to review the City's adverse determination. See School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977), cert. denied, 358 So.2d 132 (Fla. 1978); Carol City Utilities, Inc. v. Dade County, 143 So.2d 828 (Fla. 3d DCA), prohibition denied, 149 So.2d 49 (Fla. 1962), cert. discharged, 152 So.2d 462 (Fla. 1963); Frix v. Beck, 104 So.2d 81 (Fla. 3d DCA 1958). If, as Steffen claims, the procedure followed by the City in demoting him was essentially unfair or denied him due process, or the City's decision was not supported by substantial competent evidence or departed from the essential requirements of the law, then presumably the *511 Circuit Court, sitting in its appellate capacity, will grant Steffen relief. See Metropolitan Dade County v. Mingo, 339 So.2d 302 (Fla. 3d DCA 1976). He is not, however, entitled to relief through an independent action collaterally attacking the City's determination to demote him.
Accordingly, we grant the petition for writ of prohibition. We are confident that it is unnecessary for us to issue the writ, and we therefore remand the cause to the Circuit Court for further proceedings consistent with this opinion.