683 So.2d 1135 (1996)
SOUTH BROWARD HOSPITAL DISTRICT, d/b/a Memorial Hospital, Petitioner,
v.
Brittnay DUPONT, a minor By and Through her parents and natural guardians Robin Dupont and Steven Dupont, and Robin Dupont and Steven L. Dupont, individually, Eric N. Freling, M.D., Eric N. Freling, M.D., P.A., and The Florida Birth Related Neurological Injury Compensation Association Plan, Respondents.
No. 96-3432.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
Nancy W. Gregoire and George E. Bunnell of Bunnell, Woulfe, Kirschbaum, Keller & McIntyre, P.A., Fort Lauderdale, for petitioner.
Matthew D. Klein of Klein, Tannen & Cohen, P.A., Hollywood, for RespondentsEric N. Freling, M.D. and Eric N. Freling, M.D., P.A.
KLEIN, Judge.
Petitioner hospital, a defendant in a malpractice case, seeks a writ of certiorari from an order denying its motion for summary judgment which was based on collateral estoppel. We dismiss because petitioner will have an adequate remedy on appeal.
Plaintiffs filed a claim for compensation with the Florida Birth-Related Neurological Injury Compensation Association pursuant to section 766.301, Florida Statutes (1993). The hearing officer in that proceeding found as a matter of fact that if the child was impaired, it was congenital, and that the claim was not compensable under the statute.
Plaintiffs then filed this medical malpractice action, and the defendant hospital moved for a summary judgment on the ground of collateral estoppel, arguing that the findings of the hearing officer in the administrative proceeding were a bar to the malpractice action. The trial court denied the motion, and the hospital seeks review.
Generally, certiorari will not be granted to review an order denying a motion for summary judgment, because petitioner will have an adequate remedy on final appeal. Estate of Schleusener v. Stuart, 462 So.2d 129 (Fla. 4th DCA 1985). This case does not fall within any recognized exception to that general rule, and petitioner has not persuaded us that one should be carved out here. Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995), holding that appellate courts have certiorari jurisdiction to review whether a trial judge has conformed with the procedural requirements of section 768.72, Florida *1136 Statutes, regarding punitive damages, is distinguishable.
The petition is therefore dismissed.
GUNTHER, C.J., and DELL, J., concur.