760 So.2d 1144 (2000)
Fred FERNEZ and Jacqueline R. Burns, Petitioners,
v.
Samuel A. CALABRESE, Respondent.
No. 5D99-1952.
District Court of Appeal of Florida, Fifth District.
July 7, 2000.
Jeffrey S. Weiss, and Scott D. Danahy of Brown, Ward, Salzman & Weiss, P.A., Orlando, for Petitioners.
Lisa L. Hogreve and Vincent G. Torpy, Jr. of Frese, Nash & Torpy, P.A., Melbourne, for Respondent.
COBB, J.
Petitioners, Fred Fernez, individually and as Chief of Police of the City of Indian Harbour Beach, and Jacqueline Burns, individually and as City Manager and Assistant City Manager of the City of Indian Harbour Beach, seek certiorari review of an order of the circuit court denying their motion for summary judgment which asserted qualified immunity.
Respondent, Samuel Calabrese, sued the city and petitioners for money damages, alleging that his position as police captain was eliminated in retaliation for his reluctance to sign an internal affairs report with which he disagreed, his refusal to testify falsely regarding that report and his refusal to sign a petition to promote petitioner Burns to the position of City Manager. Although an administrative hearing officer had found that respondent's position was eliminated for legitimate budgetary reasons and that the city had not acted arbitrarily, respondent contends that the budgetary reason given for *1145 the termination of his position was pretextual and that petitioners' actions violated his due process rights under the Florida Constitution (Count 1); deprived him of his right to free speech under the Florida Constitution (Count 2); violated his substantive due process rights under the Florida Constitution (Count 3); caused the intentional infliction of emotional distress (Count 4); and breached his contract (Count 5).
In 1998, petitioners and the city filed motions for partial summary judgment, claiming that sovereign immunity barred respondent's claims for violation of substantive and procedural due process. The circuit court granted summary judgment on the substantive due process count (Count 3), but denied the motion on the procedural due process claim. (Count 1). Certiorari review of that order was denied. See Fernez v. Calabrese, 728 So.2d 1222 (Fla. 5th DCA 1999).
Petitioners then filed a motion for partial summary judgment, claiming qualified immunity from suit as a matter of law, with respect to the claims for violation of procedural due process (Count 1) and violation of the right to free speech (Count 2). Petitioners' motion for summary judgment was denied in two separate orders. The trial court did not make findings of fact or conclusions of law, but denied the motion without explanation. Petitioners then filed this petition for writ of certiorari, arguing that the trial court's denial of their defense of qualified immunity from suit constitutes a departure from the essential requirements of law causing irreparable harm.[1]
Ordinarily, an order denying a motion for summary judgment is not reviewable by certiorari because there is an adequate remedy available by appeal after final judgment. See generally Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Vermette v. Ludwig, 707 So.2d 742 (Fla. 2d DCA 1997), rev. denied, 717 So.2d 534 (Fla.), cert. denied, 525 U.S. 984, 119 S.Ct. 449, 142 L.Ed.2d 403 (1998); South Broward Hosp. Dist. v. Dupont By and Through Dupont, 683 So.2d 1135 (Fla. 4th DCA 1996); Barber v. Wonderland Greyhound Park, 656 So.2d 961 (Fla. 5th DCA 1995); Chase Federal Bank v. Kim, 604 So.2d 909 (Fla. 5th DCA 1992). However, in Tucker v. Resha, 648 So.2d 1187 (Fla.1994), the Florida Supreme Court held that an order denying summary judgment based upon a claim of qualified immunity is subject to interlocutory review to the extent that the order turns on an issue of law. The court pointed out that under the qualified immunity doctrine, government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).
The central purpose of qualified immunity is to protect public officials from undue interference with their duties and from potentially disabling threats of liability, see Elder v. Holloway, 510 U.S. 510, 514, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994). The Florida Supreme Court held in Tucker that qualified immunity of public officials involves immunity from suit, rather than a mere defense of liability, and is effectively lost if a case is erroneously permitted to go to trial. "[I]f orders denying summary judgment based upon claims of qualified immunity are not subject to interlocutory review, the qualified immunity of public officials is illusory and the very policy that animates the decision to afford such immunity is thwarted." 648 So.2d at 1190. See also Mitchell v. Forsyth, 472 U.S. 511, 526-527, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); Stephens v. Geoghegan, 702 So.2d 517 (Fla. 2d DCA 1997).
*1146 The problem created by the instant case is that the purported claim asserted by the plaintiff below against the individual petitioners here, Fernez and Burns, is not an actionable tort. See Garcia v. Reyes, 697 So.2d 549 (Fla. 4th DCA 1997)(no cause of action exists for money damages for violation of state constitutional right). That being so, can Fernez and Burns have immunity, an affirmative defense, where there is no recognized tort to be immune from? Is there any available affirmative defense to a non-viable claim other than a simple motion to dismiss for failure to state a cause of action?[2] If the answer to this question is no, and we believe that it is, then we must decline to exercise certiorari review of an abstract concept. Rather, this case should await disposition by the trial court in response to a proper motion by the petitioners. We therefore deny certiorari review.
CERTIORARI DENIED.
PETERSON, J., concurs.
W. SHARP, J., concurs specially, with opinion.
W. SHARP, J., concurring specially.
I agree that the basic problem in this case is that the state courts have not recognized a cause of action for violation of procedural due process rights, and freedom of speech founded solely on the Florida Constitution, as they have been pled in this case. Unlike the parallel United States constitutional provisions, there are no implementing state statutes like 42 U.S.A. § 1983 to breath life into the state constitutional provisions. In this case, the respondent is seeking damages, not injunctive relief, for deprivation of his state constitutional rights against city employees. It is debatable whether a state constitutional tort action exists against state or local governments.[1]
In Garcia v. Reyes, 697 So.2d 549 (Fla. 4th DCA 1997), the court held that there is no support for the availability of an action for money damages based on violation of the right to due process as guaranteed by the Florida Constitution, quoting from Corn v. City of Lauderdale Lakes, 816 F.2d 1514, 1518 (11th Cir.1987), rejected on other grounds, Greenbriar Ltd. v. City of Alabaster, 881 F.2d 1570, 1574 (11th Cir. 1989).
The Florida Supreme Court in Resha v. Tucker, 670 So.2d 56 (Fla.1996), rejected the argument that an award of money damages is necessary to effectuate Florida's constitutional guarantee of access to the courts. It held that there was no action for violation of the constitutional right to privacy by a state employee acting beyond the scope of his employment, but there was a civil tort for invasion of privacy. In this case, there appears to be no civil tort for violation of due process or the right to free speech under the Florida Constitution and the constitutional right to access to the courts does not compel creating such a cause of action. Thus I conclude the trial court had no jurisdiction to grant any remedy in this case, based on the Florida Constitution. The remaining breach of contract claim, which is not the subject of this certiorari proceeding, is pending below and it should be unaffected by these rulings.
The reason for my special concurrence is that if this case had involved a viable cause of action against the two city employees involved in this suit, I would not automatically assume that a trial court's denial of a *1147 motion for summary judgment based on a claim of qualified immunity is subject to interlocutory review. That rule came from federal cases involving violation of federal civil rights. See Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).
In Tucker v. Resha, 648 So.2d 1187 (Fla. 1994), the Florida Supreme Court opted to extend interlocutory review for cases tried in state courts which involved federal civil rights claims. Florida Rule of Appellate Procedure 9.130(a)(3)(C)(viii) was adopted to implement the Tucker case. It speaks, however, to state court summary judgment denials of qualified immunity in federal civil rights causes of action. The purpose of the rule was to make the federal rule applicable in state, as well as federal courts in this state, so that there would be no disparity in the way federal civil rights cases were handled. Rule 9.130(a)(C)(viii) could have been drafted to encompass state causes of action as well. Since it was not, I question the wisdom of extending the review rule (be it by way of certiorari or non-final appeal) to state civil rights suits, without clear direction from the Florida Supreme Court. See Dept. of Education v. Roe, 679 So.2d 756 (Fla.1996).
There is a large body of federal law which comes with the federal non-final review rule and it involves consideration of multiple prongs, and balancing of various interests. It is ponderous and it appears to me oftentimes driven by factual disputes. If there are factual disputes, clearly they should be resolved by the trial court.[2] Rule 9.130 states a party must be denied sovereign or qualified immunity "as a matter of law," but this is not always easy to determine.
For example in this case, respondent was able to adduce some evidence in the record that petitioners acted with malice in recommending his termination for "budgetary reasons," that the budgetary rationale was bogus, that petitioners, as well as the city council members, were fully aware of his right to a hearing on the merits, had he been discharged for cause, and that he was in fact discharged for cause. Nor did respondent have, at the administrative hearing or the hearing held before the City, an opportunity to address those issues, although he tried to do so. Petitioners cannot hide behind actions taken by the City which were orchestrated by them. See Hearn v. City of Gainesville, 688 F.2d 1328 (11th Cir.1982), overruled on other grounds, McKinney v. Pate, 20 F.3d 1550 (11th Cir.1994).
The denial of free speech claim in this case was also fact intensive, and in my view, should not have been resolved by summary judgment. See Beckwith v. City of Daytona Beach Shores, Fla., 58 F.3d 1554 (11th Cir.1995). Morris v. Crow, 142 F.3d 1379 (11th Cir.1998) is distinguishable because, in this case, the investigation of another police officer involved matters of public concernmisconduct toward female arrestees. See Warnock v. Pecos County, Texas, 116 F.3d 776 (5th Cir.1997); Fikes v. City of Daphne, 79 F.3d 1079 (11th Cir.1996). Free speech cases often involve a balancing test which is fact intensive and thus are not appropriate for summary judgment disposition. See Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); Morales v. Stierheim, 848 F.2d 1145 (11th Cir.1988), cert. denied, 489 U.S. 1013, 109 S.Ct. 1124, 103 L.Ed.2d 187 (1989).
NOTES
[1] Although the trial court also denied the city's motion for partial summary judgment, immunity was not raised in that motion and this court denied certiorari review, as there was an adequate remedy at law.
[2] The defense of failure to state a cause of action may be raised by motion for judgment or at the trial on the merits in addition to being raised in either a motion under subdivision (b) of Florida Rule of Civil Procedure 1.140(h)(2) or in the answer or reply. See Curcio v. Cessna Finance Corp., 424 So.2d 868, 870, n. 2 (Fla. 4th DCA 1982).
[1] See T. Hunter Jefferson, Constitutional Wrongs and Common Law Principles: The Case for Recognition of State Constitutional Tort Actions Against State Governments, 50 Vand. L.Rev. 1525 (1997).
[2] See Gonzalez v. Lee County Housing Authority, 161 F.3d 1290 (11th Cir.1998); Espanola Way Corp. v. Meyerson, 690 F.2d 827 (11th Cir.1982), cert. denied, 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 791 (1983).