872 So.2d 377 (2004)
Leonard DEPAOLA, Appellant,
v.
The TOWN OF DAVIE, Florida, Appellee.
No. 4D03-519.
District Court of Appeal of Florida, Fourth District.
April 28, 2004.
*378 Gene Reibman, Fort Lauderdale, for appellant.
Michael T. Burke, Erin E. Gill, and Tamara M. Scrudders of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellee.
POLEN, J.
This case stems from Leonard DePaola's termination from the Town of Davie Fire Department and his subsequent lawsuit alleging violation of his constitutional rights. DePaola appeals a final judgment dismissing his complaint with prejudice. For the reasons outlined below, we reverse the final judgment and remand the case to the trial court for proceedings consistent with this opinion.
Leonard DePaola was employed by the Town of Davie Fire Department in 1986. He was terminated on June 30, 2000. DePaola complained he was wrongfully discharged. After his termination, DePaola initially filed a grievance with the fire chief. Ultimately DePaola was advised that he was not entitled to a grievance. DePaola requested that the union take the grievance to arbitration. No such action was taken. Two years after getting no relief through grievance procedures, DePaola filed a complaint in the circuit court seeking declaratory and injunctive relief.
In response to the complaint, the Town filed a motion to dismiss alleging that DePaola had an option: either he could have *379 pursued a grievance under the collective bargaining agreement or he could have elected to challenge his termination at a personnel review board. The Town contended that by initially electing to file the grievance, DePaola could not subsequently pursue alternate relief in the circuit court. The Town further argued that regardless of which option DePaola elected, he was not entitled to seek de novo review in the circuit court.
The trial court agreed with the Town and held that since DePaola pursued a grievance under the collective bargaining agreement, he was prohibited from bringing an appeal before the personnel board. Moreover, the court concluded that DePaola was not entitled to a de novo review but was limited to an administrative appeal or certiorari review. The complaint was dismissed and DePaola's motion for rehearing denied.
On appeal DePaola contends the trial court improperly dismissed the complaint. DePaola asserts that the Town violated his due process rights. As a result, DePaola contends his cause of action, based on a violation of his constitutional rights, was properly brought in circuit court and should not have been dismissed. We agree. This court has recently summarized the applicable standard of review of an order dismissing a complaint as follows:
In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief. A court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true. All reasonable inferences must be drawn in favor of the pleader. Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, the ruling on a motion to dismiss for failure to state a cause of action is subject to de novo standard of review.
Walton v. Health Care Dist. of Palm Beach County, 862 So.2d 852 (Fla. 4th DCA 2003) (internal quotations omitted).
Initially we hold that DePaola did have a protected interest in his employment that entitled him to due process protections. In discussing the constitutional due process rights of public employees, the fifth district summarized the issue clearly:
An individual may, in a public employment context, establish entitlement to procedural due process under the United States and Florida Constitutions, by showing a property interest in his or her position. The concept of a property interest has been defined by the United States Supreme Court as a legitimate expectation of continued employment. Such legitimate expectations of continued employment establishing property interests are not created by the United States Constitution, rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source, such as state law. Consequently, [the appellant] had to sufficiently allege a property interest in his position under Florida law in order to establish his entitlement to any procedural due process safeguards.
McRae v. Douglas, 644 So.2d 1368 (Fla. 5th DCA 1994) (internal citations and quotations omitted).
In McRae, the fifth district concluded that McRae had no protected property interest in his employment as a deputy sheriff because:
deputy sheriffs in Florida are not deemed to be employees of the sheriff, but rather, are appointees who serve at the pleasure of the sheriff. Because deputy sheriffs are not employees and both their selection and retention come under the absolute control of the sheriff, *380 they have no property interest in their positions for purposes of the Fourteenth Amendment to the United States Constitution.
Id. at 1373.
Unlike McRae, DePaola alleged the applicable Town ordinances established that he could not be terminated absent just cause. Those allegations, for purposes of the motion to dismiss, have to be accepted as true and the allegations considered in the light most favorable to DePaola. DePaola's employment with the Town of Davie is unlike McRae's because DePaola was not an appointee and his employment could not be terminated arbitrarily. As a result, DePaola had a property interest in his continued employment with the Town and was entitled to due process protections. See also Metro. Dade County v. Sokolowski, 439 So.2d 932 (Fla. 3d DCA 1983)(Police officers who, under Miami Dade ordinance could not be suspended or dismissed without cause had a property interest in uninterrupted employment and were therefor entitled to due process protections.); Johnson v. Sch. Bd. of Palm Beach County, 403 So.2d 520 (Fla. 1st DCA 1981) ("Without question appellant, by virtue of his tenure, had a legitimate claim of entitlement to continued employment absent sufficient cause for his discharge, and therefore had a property interest in his continued employment of which he could not be deprived without procedural due process meeting constitutional standards.").
In addition, the trial court improperly dismissed the claim because DePaola sought money damages. The trial court found that an action for money damages could not be brought. The trial court relied on Garcia v. Reyes, 697 So.2d 549 (Fla. 4th DCA 1997) and Fernez v. Calabrese, 760 So.2d 1144 (Fla. 5th DCA 2000). In Garcia, this court concluded that no cause of action exists for money damages for a violation of a state constitutional right. Similarly, Calabrese was an action seeking money damages based on a wrongful termination complaint.
The case at bar is distinguishable from Garcia and Calabrese. Here DePaola sought injunctive relief. At the conclusion of DePaola's lengthy complaint he asked the trial court for the following relief:
1. render a declaratory judgment pursuant to 86.011 Fla. Stat. That the plaintiff was unlawfully terminated from his employment with the Town of Davie Fire Department;
2. render a declaration judgment pursuant to s.86.011 Fla. Stat. That the plaintiff was in the course of and due to his termination from his employment denied his right to free association with others; to equal protection of the law; to due process of law; to engage in protected union activity; and, to privacy in his personal relationships as all guaranteed by Article I, s.s. 2,6,9, and 23 of the Constitution of the State of Florida.
3. direct the defendant to restore the plaintiff to is former employment with full retroactive status, seniority, pay and benefits, including accrued retirement credit and benefits;
4. direct the defendant to remove from plaintiff's personnel file all documents relating to plaintiff's unlawful termination from his employment with the Town of Davie Fire Department.
5. award plaintiff the costs of this action and a reasonable attorney's fee pursuant to s. 448.08 Fla. Stat., and,
6. award to plaintiff such other and further relief the court may deem just and proper.
Long ago this court noted that the test of the sufficiency of a complaint seeking relief under the Declaratory Judgment Act *381 "is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all." Hialeah Race Course, Inc. v. Gulfstream Park Racing Ass'n, 210 So.2d 750 (Fla. 4th DCA 1968).
In Hialeah this court commented that the Declaratory Judgment Act should be liberally construed and administered and explained that an action properly brought under the act requires "a bona fide controversy, justiciable in the sense that it flows out of some definite and concrete assertion of right, and there should be involved the legal or equitable relations of parties having adverse interests with respect to which the declaration is sought." Id. at 753.
In the case sub judice the complaint clearly seeks relief under the authority conferred to the trial court in section 86.011, Florida Statutes. That statutory section provides:
The court may render declaratory judgments on the existence, or nonexistence:
(1) Of any immunity, power, privilege, or right; or
(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action.
§ 86.011, Fla. Stat.
Although some of the relief sought in DePaola's complaint asks the trial court for more than declaratory relief, section 86.011 specifically permits claimants to seek alternative or supplemental relief within an action seeking declaratory relief.
Further, at this stage in the proceedings, where the court must not go beyond the four corners of the complaint and must accept the facts alleged therein as true and draw all reasonable inferences in favor of DePaola, the trial court should have found that the complaint stated a cause of action. The issue of whether the Town violated his due process rights is a bona fide controversy. In addition, it is justiciable in the sense that it flows out of a definite and concrete assertion of DePaola's due process rights, and the parties have adverse interests. As a result, the claim meets the standard enunciated by this court in Hialeah for an action properly brought seeking declaratory relief.
We also find the trial court improperly dismissed the claim based on section 447.401, Florida Statutes. Section 447.401 provides in pertinent part:
All public employees shall have the right to a fair and equitable grievance procedure administered without regard to membership or nonmembership in any organization, except that certified employee organizations shall not be required to process grievances for employees who are not members of the organization. A career service employee shall have the option of utilizing the civil service appeal procedure, an unfair labor practice procedure, or a grievance procedure established under this section, but such employee is precluded from availing himself or herself to more than one of these procedures.
The trial court concluded that since DePaola sought relief through the grievance procedure, he was precluded from seeking relief before the personnel board. In fact, the trial court commented that because DePaola elected the grievance route, "[h]e wasHe was had. He never got his day, so to speak, of having someone determine that his firing was with or without good *382 cause." The trial court should not have determined the merits of DePaola's wrongful discharge claim on a motion to dismiss.
As the plain language of the statute instructs, "[A] career service public employee who is also a union member may contest a disciplinary action taken by his or her employer either through the union or by filing a civil service appeal, but may not pursue both avenues for relief." Bass v. Dep't of Transp., 516 So.2d 972, 973 (Fla. 1st DCA 1987).
Section 447.401, Florida Statutes, provides that "[a]ll public employees shall have the right to a fair and equitable grievance procedure administered without regard to membership or nonmembership in any organization, except that certified employee organizations shall not be required to process grievances for employees who are not members of the organization." § 447.401, Fla. Stat. (emphasis added). This court has clarified that, "where the parties collective bargaining agreement reserves to the certified bargaining agent the exclusive right to submit grievances to arbitration, a public employer is not obligated to process an individual's grievance to arbitration if the certified bargaining agent has declined to advance the grievance because of its belief that the grievance lacks merit." Galbreath v. Sch. Bd. of Broward County, 424 So.2d 837, 843 (Fla. 4th DCA 1982).
Thus, had the Town not processed the grievances to arbitration because it was determined that the grievance had no merit, the Town would have acted properly. However, the allegations of the complaint were that the grievances were altogether not processed at all. As a result, DePaola should not be precluded from seeking alternate relief. Moreover, the cases relied upon by the trial court, as well as the Town, are categorically distinguishable. All three cases involve situations where the claimant elected to pursue relief through one mechanism, the procedures took place, and after not getting the relief sought, the claimant attempted to pursue the alternative avenue. See Bass v. Metro. Dade County Dept. of Corr. and Rehabilitation, 798 So.2d 835 (Fla. 3d DCA 2001) (Claimant not entitled to bring independent action in circuit court to challenge termination after instituting and fully pursuing her civil service administrative remedies); Fraternal Order of Police v. City of Miami, 598 So.2d 89 (Fla. 3d DCA 1992) (Circuit court could not hear complaint once issue proceeded to arbitration through grievance process.); Metro. Dade County v. Dade County Ass'n of Firefighters, 575 So.2d 289 (Fla. 3d DCA 1991) (Firefighter's appeal of his discharge through civil service appeal procedure precluded him from seeking any relief by arbitration under grievance procedure.).
The trial court also incorrectly concluded that DePaola would be limited to an administrative appeal or certiorari review, not a de novo action in the circuit court. We recognize the unique posture of this case and the difficult task before the trial court. If the union decided to go forward with the grievance procedure, there would be an arbitration and then the matter would come to this court to affirm or vacate. In the alternative, if DePaola had chosen to pursue the civil service avenue, the civil service board would render a decision and then DePaola could have filed a petition for writ of certiorari.
In this case, there is no administrative order that could be the subject of certiorari review. As a result, the peculiar posture of this case distinguishes it from the cases relied upon by the trial court and we hold that the complaint was improperly dismissed.
*383 In Migliore v. City of Lauderhill, 415 So.2d 62 (Fla. 4th DCA 1982), this court explained that an action seeking injunctive relief could not be maintained because the claimant failed to exhaust his administrative remedies. The same can not be said in the case at bar. The other cases pointed to by the trial court for its conclusion that DePaola is not entitled to de novo review are also distinguishable. See, e.g., City of Miami Springs v. Barad, 448 So.2d 510 (Fla. 3d DCA 1983) (Claimant submitted himself to and fully utilized administrative review procedures and received a quasi-judicial hearing before the Civil Service Board on his claim of wrongful demotion; he is not entitled to a de novo hearing in the circuit court, but instead must institute an appropriate proceeding in the circuit court, sitting in its appellate capacity.).
A dismissal with prejudice should not be ordered without giving the party an opportunity to amend unless it is clear the pleading cannot be amended so as to state a cause of action. Delia & Wilson, Inc. v. Wilson, 448 So.2d 621 (Fla. 4th DCA 1984). Because it is not clear that DePaola could not have amended the complaint to state a cause of action, the trial court improperly dismissed the complaint with prejudice. Therefore, we reverse that order and remand the case to the trial court for proceedings consistent with this opinion.
REVERSED and REMANDED.
WARNER and KLEIN, JJ., concur.