879 So.2d 23 (2004)
MIAMI-DADE COUNTY, Petitioner,
v.
Sherry MORELAND, Respondent.
No. 3D04-252.
District Court of Appeal of Florida, Third District.
May 26, 2004.
Rehearing Denied August 4, 2004.
Robert A. Ginsburg and William X. Candela, for petitioner.
Donna M. Ballman, for respondent.
Before SCHWARTZ, C.J., and LEVY, J., and COBB, WARREN H., Senior Judge.
LEVY, Judge.
Miami-Dade County ("the County") petitions for a Writ of Prohibition, seeking to prohibit the trial judge from exercising jurisdiction over Count VII of the Amended Complaint on the ground that Sherry Moreland ("Moreland") voluntarily submitted herself and fully utilized the administrative *24 review process provided by the County. We agree with the County, grant the Petition, and issue the writ.
Moreland was terminated from her position as a Corporal Officer pursuant to a Disciplinary Action Report (DAR) which indicated that Moreland violated several Corrections Department rules, stemming from Moreland's romantic relationship with an ex-inmate out on parole whom she met while working at the Dade County Jail. Director Manning met with Moreland to review the DAR, and, as a result, Moreland was terminated effective May 2, 1997.
Moreland appealed her termination pursuant to the County's civil service appeals process. After a two-day evidentiary hearing, the Hearing Officer issued findings and recommendations, recommending that Moreland be suspended from May 3, 1997 until August 30, 1999 without pay. After reviewing the Hearing Officer's recommendations, the transcript of the hearing, and the exhibits, the County Manager accepted the Hearing Officer's findings but rejected the recommendation as to the appropriate level of discipline. The County Manager emphasized that Moreland's failure to notify the Corrections Department regarding her paramour's criminal activities was a serious offense and warranted a greater penalty. Consequently, the County Manager demoted Moreland to a non-sworn position of a comparable salary range for which she qualified, and suspended her. Moreland did not appeal from the County Manager's decision to the Appellate Division of the Circuit Court as provided for in the Dade County Code and the Florida Rules of Appellate Procedure. Moreland was subsequently reinstated in October of 2000 to a non-sworn position with the Corrections Department as a Labor Supervisor III.
On November 9, 2001, Moreland filed a Civil Complaint. The County filed a Notice of Removal and the matter was removed to federal court. Summary Judgment was subsequently granted as to all of the federal claims and the state law discrimination claims under Florida's Civil Rights Act. The remaining state law claims were remanded back to state court. Moreland v. Miami-Dade County, 255 F.Supp.2d 1304 (S.D.Fla.2002). After remand, the County moved for Summary Judgment as to the state claims. The court granted Summary Judgment as to Counts I and II but denied the County's motion as to Counts VII, VIII and X.
Count VII alleges that the County Manager violated Moreland's due process rights under the Florida Constitution when he demoted her from Correctional Officer to a non-sworn position in November 1999, and prays for reinstatement of her former position with back pay and compensatory damages. The County asks this Court to prohibit the trial court from exercising jurisdiction over Count VII of the Amended Complaint on the ground that Moreland voluntarily submitted herself to, and fully utilized, the administrative review process provided by the County. We agree with the County and find that Moreland's only recourse with respect to Count VII was to appeal the County Manager's decision to the Appellate Division of the Circuit Court.
Where a civil service employee pursues civil service administrative remedies, the employee is precluded from bringing an independent action in Circuit Court to challenge the propriety of the discharge. See Bass v. Metro Dade County Dep't of Corr. and Rehab., 798 So.2d 835 (Fla. 3d DCA 2001) (citing City of Miami Springs v. Barad, 448 So.2d 510, 511 (Fla. 3d DCA 1983)); Cf., Depaola v. Town of Davie, 872 So.2d 377, 381-82 (Fla. 4th DCA 2004) *25 (firefighter was able to pursue relief in Circuit Court and was not limited to administrative appeal where there was no administrative order after the town failed to process his grievance at all). This Court in Barad held that once the employee submits himself to the administrative review procedures provided by the Ordinance, the employee has been afforded a quasi-judicial hearing and is not entitled to a de novo hearing in Circuit Court on the claim. Instead, the employee must institute an appellate proceeding in the Circuit Court Appellate Division to review the adverse determination. Barad, 448 So.2d at 510.
In the instant case, Moreland was given notice of her termination and appealed pursuant to Section 2-47 of the Miami-Dade County Code. Thus, an evidentiary hearing was held before a hearing examiner who considered testimony and evidence from the parties. The County Manager then reviewed the Hearing Examiner's Opinion and Recommendation, and although he accepted the hearing examiner's factual findings, he ordered a heftier penalty, indicating: "I am troubled by your apparent lack of candor in the hearing.... [T]he Hearing Examiner found that your testimony was inconsistent at best. Your lack of complete candor calls your integrity as a Correctional Officer into question." As a result, Moreland was not reinstated to the County service as a Correctional Corporal but was offered reinstatement to a non-sworn County position of a comparable salary range.
The County contends that Moreland received a quasi-judicial judgment, and her only recourse was to appeal the decision to the Circuit Court Appellate Division. We agree with the County's position, and under the authority of Bass and Barad, grant the County's Petition for Writ of Prohibition to preclude the circuit court from exercising jurisdiction over Count VII, and issue the writ.
Of necessity, in reviewing the merits of the one count in front of us (Count VII), we have come to realize that the remainder of the case lacks any substantial merit, but we are unable to rule on those counts consistent with that view because of the fact that those counts are not presently before us.