DAUKSCH, Judge.
Before us is an appeal from a Writ of Mandamus.
The Civil Service Act of the City of Hollywood [1] sets out the procedure an employee, the City and the Civil Service Board must follow when a discharged employee wants to appeal to the Board for his reinstatement. One of the requirements of the Act is that the Board “shall hear the appeal within thirty (30) days” from the filing of the appeal. Because the Board, for various reasons, was unable to obtain a quorum to hear Mr. Fielding’s appeal within the requisite thirty days the appeal was finally scheduled to be heard beyond the thirty day period. Mr. Fielding sued the City and sought the Writ of Mandamus to require the City to reinstate him with back pay and other benefits. The court issued the writ and required, inter alia, the reinstatement of Mr. Fielding to his former employment.
In the Civil Service Act there is no provision for a remedy for the Board’s refusal or failure to hold a hearing. The Civil Service Board is comprised of members not answerable to the City administration and the City has no control over its operation concerning appeals hearings. The City is a party to an appeal hearing just as the aggrieved employee is a party. To order the reinstatement of Mr. Fielding is the wrong remedy. The proper remedy is an order to the Civil Service Board to hold a hearing and issue its findings and decision as required by the Civil Service Act and the Civil Service Rules. If the Board fails to act then the court may use its inherent power to force compliance or punish if the noncompliance is deemed wilful.
The Writ of Mandamus is quashed and this matter is remanded for further proceedings not inconsistent herewith.
DOWNEY, C. J., and MOORE, J., concur.

. Ch. 65-1689, Special Acts, Laws of Fla.