KLEIN, HERBERT M., Associate Judge.
Appellant, Broward County Human Rights Board (Respondent below) appeals from an “Order on Writ of Prohibition,” prohibiting appellant from taking any further action against appellee, Rimon Apartments, based on the [housing discrimination] complaint of Cheryl Calloway, on the ground that appellant failed to commence a hearing within 130 days from the filing of the complaint, as mandated by Article III, Section 4(a) of the Broward County Human Rights Act,[1] Chapter 83-380, Laws of Florida. The trial court ruled that “as a result of respondent’s failure to commence a hearing within the mandated time period, respondent is divested of authority to hold a hearing in this case.”
On June 12, 1985, Cheryl Calloway, a black female, filed with the Broward County Human Rights Division a “complaint of discrimination,” alleging that appellee, Ri-mon Apartments, had refused to rent an apartment to Calloway on the basis of her race.
On September 10, 1985, the Director of the Broward County Human Relations Division, pursuant to Article III, Section 3 of the Broward County Human Rights Act, issued an “Order of Determination,” stating that “a determination has been made on the above referenced complaint that there is reasonable cause to believe that an unlawful housing practice has occurred” and that “in the event a voluntary conciliation is unsuccessful, a hearing before a panel of the Human Rights Board will be held on or before October 22, 1985.”
A Motion for Continuance was filed by the Division attorney who was to prosecute the complaint.
On October 1, 1985, the Chairman of the Human Rights Board continued the hearing to November 22, 1985, 161 days from the date the complaint was filed.
On November 18, 1985, the Chairman issued an order denying appellee’s Motion for Dismissal on grounds of lack of jurisdiction by the Board and ordered appellee to appear before the Board on November 22, 1985.
Thereafter, on November 20, 1985, a Petition for Writ of Prohibition was filed by appellee, Rimon Apartments, in the Bro-ward County Circuit Court, asserting that the Broward County Human Rights Board was attempting to exercise jurisdiction by reason of Ch. 83-380, but since no hearing was conducted within 130 days of the complaint being filed, the Board had lost jurisdiction over the matter. The trial court issued the Writ prohibiting the Board from holding a hearing on the complaint.
The ruling in this case is governed by the generally accepted principle that when an administrative board fails to follow its mandated conduct, the appropriate procedure is to require that board to conduct its business as required by its en *775 abling legislation. City of Hollywood v. Fielding, 362 So.2d 362, 363 (Fla. 4th DCA 1978); Dept. of Business Regulation v. Hyman 417 So.2d 671 (Fla.1982); Neal v. Bryant, 149 So.2d 529 (Fla.1963); Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). As was stated in City of Hollywood v. Fielding, supra, wherein the Hollywood Civil Service Board failed to hold a hearing within the time required by its enabling Act, “[t]he proper remedy is an order to the Civil Service Board to hold a hearing and issue its findings and decision as required by the Civil Service Act and the Civil Service Rules.” 362 So.2d at 363.
Accordingly, this cause is reversed and remanded to the trial court, with directions to deny the Petition for Writ of Prohibition and dismiss the Writ.
ANSTEAD and GLICKSTEIN, JJ., concur.

. Article III, Sec. 4(a) provides that "within one hundred thirty (130) days after a complaint is filed with the Human Rights Division, unless the board has issued an order dismissing the complaint or stating the terms of a conciliation agreement, a hearing shall be commenced by a five-member hearing panel in accordance with the rules of the Human Rights Board.”