PER CURIAM.
This is a petition for certiorari review of the affirmance by the circuit court, appellate division, of the county manager’s decision to reject the hearing examiner’s recommendation in an administrative proceeding involving public employee disciplinary matters. We deny the writ because the county manager has the complete discretion to determine the appropriate penalty where the hearing officer has decided that an offense requiring discipline was committed.
Petitioner, Walter Kee, III, drives a garbage truck for Miami-Dade County. On March 3, 1998, Kee had an accident in which he damaged a garage door and the back of his truck. The county imposed a two-day suspension for causing the accident and not reporting it to his supervisor. Kee appealed the disciplinary action and the case proceeded to a hearing. The hearing examiner found that Kee had indeed had an accident and that he had also violated personnel rules and departmental requirements by not reporting it. The examiner, however, reviewed Kee’s excellent work history and the leniency exhibited towards other employees who had been involved in similar accidents and modified the punishment, recommending a reprimand. The county manager rejected this recommendation and reinstated the suspension, reasoning that the failure to report the accident justified the harsher punishment.
The petitioner relies on Town of Surfside v. Higgenbotham, 733 So.2d 1040 (Fla. 3d DCA 1999), to support his argument that the county’s decision was wrong and the affirmance by the circuit court, appellate division constituted a departure from the essential requirements of the law. This reliance is misplaced. Higgenbotham partially receded from Metropolitan Dade County v. Bannister, 683 So.2d 130 (Fla. 3d DCA 1996), in which this Court reached two conclusions: (1) that the county manager could conduct a de novo review of the record, and that such a decision could not be disturbed unless there was no substantial competent evidence in the record to support it; and (2) that the manager would have the complete discretion to determine the appropriate penalty where the hearing *1095 officer decided that an offense had been committed by the employee. Higgenbotham, 733 So.2d at 1044. The Court in Higgenbotham only receded from the first Bannister principle, leaving intact the second. Thus, we hold that the county manager had the discretion to reinstate the two-day suspension initially imposed in this case.
Petition denied.