# Third District Court of Appeal

## State of Florida

Opinion filed November 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2177
Lower Tribunal Nos. 15-164 & 13-35D

_____

**City of Miami,**
Petitioner,

vs.

**Larry Hagan,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Gisela Cardonne Ely, George A. Sarduy, and Eric Hendon, Judges.

Victoria Méndez, City Attorney, and Forrest L. Andrews, Assistant City Attorney, for petitioner.

Buschel Gibbons, P.A. and Robert C. Buschel and Eugene G. Gibbons (Ft. Lauderdale), for respondent.

Before SUAREZ, LAGOA, and SCALES, JJ.

SUAREZ, J.

The City of Miami (the "City") petitions for second-tier certiorari from a decision from the appellate division of the circuit court that overturned the City

Manager's termination of former police officer Larry Hagan ("Hagan"). While the proper venue for appeal of the City Manager's action was the appellate division of the circuit court, we conclude that the appellate division departed from the essential requirements of law in reversing Hagan's termination. As grounds to reverse, the appellate division held that the Civil Service Board lacked jurisdiction to hear Hagan's case as it was required to and failed to hold his hearing within thirty days of Hagan filing his grievance;[1] and that the City Manager was required to hold a separate hearing before terminating Hagan and failed to do so. We reverse each of the holdings in the opinion as each departs from the essential requirements of the law. We therefore grant the City's petition and quash the opinion of the appellate division and remand for reinstatement of the City Manager's judgment.

---

[1] See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010), stating: "This Court has continually applied certain fundamental principles for the use of certiorari to review decisions rendered by the circuit court acting in its appellate capacity from the time common-law certiorari jurisdiction was first recognized in 1855. We have consistently observed that '[a]s a case travels up the judicial ladder, review should consistently become narrower, not broader." Therefore, when a district court considers a petition for second-tier certiorari review, the 'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law. The departure from the essential requirements of the law necessary for granting a writ of certiorari is something more than a simple legal error. Rather, a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice." (internal citations omitted).

2

## Factual Background

While the parties disagree about the details of the preliminary events, for purposes of this appeal it is sufficient to state that in 2013 Hagan's on-duty sergeant recommended that he be reprimanded for behavior which is irrelevant to this appeal. Despite the sergeant's recommendation, Hagan's commander determined that he should be suspended for 120 hours based on a "pattern of behavior." Hagan requested a grievance hearing by the Civil Service Board, pursuant to the remedies afforded him under the City of Miami Code of Ordinances. The hearing took place and the Civil Service Board found Hagan guilty of numerous violations and recommended the 120 hour suspension. Those findings and recommendation were forwarded to the City Manager, also pursuant to the procedures set forth in the Code of Ordinances. The City Manager affirmed the Civil Service Board's factual findings, but rejected its suspension recommendation and instead terminated Hagan. Hagan was credited back the time already served on the 120 hour suspension after his termination.

Hagan then filed a Petition for Certiorari with the appellate division of the circuit court alleging that he was not afforded due process because he was not notified he could be terminated; that the essential requirements of the law were not observed because he was punished twice for the same conduct; and that the Civil Service Board's findings of fact were not supported by competent substantial

3

evidence. After oral argument, the appellate division of the circuit court requested additional documents from the parties, but did not inform the parties why it requested those documents and did not request any additional briefing from the parties. Subsequently, the appellate division issued the opinion in question and granted Hagan's petition, concluding that the Civil Service Board lacked jurisdiction to adjudicate Hagan because it was required by the City Ordinance to hold his grievance hearing within thirty days of the filing of his grievance request and did not do so. The appellate division also found that the City Manager's disciplinary decision violated the essential requirements of law because the City was required to hold a separate hearing when the City seeks to terminate an employee and fails to do so. Finally, the appellate division concluded that it had jurisdiction to hear Hagan's petition and ordered that he be reinstated with back pay. We reverse, as the appellate division deviated from the essential requirements of the law in arriving at each decision.

**Procedures Followed by the Parties**

We first note that, as established in our parallel opinion in <u>City of Miami v. Jean-Phillipe</u>, No.17-1172 (Fla. 3d DCA ____, 2017), which is issued simultaneously herewith, Hagan properly availed himself of his right to review the City Manager's decision in the appellate division of the circuit court.[2] <u>Miami-</u>

---

[2] Hagan describes his petition, in part, as seeking review of the Civil Service Board's findings of fact and conclusions of law. The appellate division also

4

Dade Cnty. v. Moreland, 879 So. 2d 23 (Fla. 2d DCA 2004); Bass v. Metro Dade Cnty. Dep't of Corr. and Rehab., 798 So. 2d 835 (Fla. 3d DCA 2001); City of Miami Springs v. Barad, 448 So. 2d 510, 511 (Fla. 3d DCA 1983); Sch. Bd. of Leon Cty. v. Mitchell, 346 So. 2d 562, 568 (Fla. 1st DCA 1977) (cited by Barad, examining history of the APA and holding "in the vast majority of cases, the sole method of challenging agency action, whether formally recognized as an 'order' or a 'rule', as it affects the substantial interests of a party is by petition for review to the appropriate Court of Appeal.").

Further, although Hagan captioned his pleading in the appellate division of the circuit court as a petition for certiorari, the review which was, and should have been, afforded by the appellate division was plenary. 2 Fla. Prac., Appellate Practice § 19:9 (2016 ed.) stating:

---

captioned its opinion as being "On Petition for Writ of Certiorari from the City of Miami Civil Service Board." As is discussed below, the appellate division's review is from the determination by the City Manager, not the Civil Service Board. In a proceeding before the appellate division an employee may only challenge the factual findings made by the City Manager and not those made by the Civil Service Board. Where the City Manager adopts the finding by the Civil Service Board, such review may be identical, but it should be clarified that the appellate division is not actually reviewing the actions of the Civil Service Board.

We also note here that we are sympathetic to the argument that the "factual findings" by the Civil Service Board are often simply recitations of the testimony provided and not any actual findings. We note that it would greatly assist the parties to the proceedings and the reviewing tribunals if future recommendations from the Civil Service Board actually detailed which facts it accepted in making its determination, especially where, as here, conflicting testimony exists.

5

Article V, § 5(b) of the Florida Constitution states that the circuit courts shall 'have the power of direct review of administrative action prescribed by general law.' However, there is often no general statute that authorizes an appeal from a decision by a local administrative body such as a county commission. To implement the basic right of appellate review, the courts have held that an unappealable decision by a local administrative tribunal is reviewable by certiorari in the circuit court. <u>This use of certiorari is unlike any other, in that the scope of review is actually more like a plenary appeal.</u>

[e.s.] In this case, no general statute authorizes appeal from the actions of the City Manager so appeal to the appellate division is the permitted remedy.

## City of Miami Code Provisions

In pertinent parts, the City of Miami Code of Ordinances states:

**40-122 – Disciplinary Actions Generally.**

(a) *Authority of city manager, department director; appeals to board; investigatory, evidentiary powers of board.* Any officer or employee in the classified service may be removed, fined, laid off, or reduced in grade by the city manager or by the director of the department in which he/she is employed, for any cause which will promote the efficiency of the service; but he/she must be furnished with a written statement of the reasons therefor within five days from the date of the removal, suspension, fine, layoff, or reduction in grade, and be allowed a reasonable time for answering such reasons in writing, which shall be made a part of the records of the board; and he/she may be suspended from the date when such written statement of reason is furnished him/her. No trial or examination of witnesses shall be required in such case except at the discretion of the city manager or the department director.

<u>Any employee in the classified service who deems that he/she has been suspended, removed, fined, reduced in</u>

grade or demoted without just cause may, within 15 days of such action by the department director, request in writing a hearing before the civil service board to determine the reasonableness of the action. [e.s.] The board shall, within 30 days after appeal of the employee disciplined, proceed to hear such appeal. After hearing and considering the evidence for and against the employee, the board shall report in writing to the city manager its findings and recommendations. The city manager shall then sustain, reverse, or modify the action of the department director . . . .

**. . . .**

**40-124 – Appeals from Disciplinary Actions.**

(a) *Generally*. When any employee in the classified service with permanent civil service status has been suspended, reduced in rank, or dismissed appeals to the board, the appeal must be made in writing within 15 days from the effective date of the suspension, reduction, or dismissal; and the board within 30 days shall proceed to hear such appeal. The board, recognizing the disciplinary authority of the administrative head . . . shall make its findings in writing to the city manager for his/her consideration, who shall enter an order affirming, reversing or modifying the disciplinary action of the department head**. …**
(emphasis added)

It is noted that the Code of Ordinances does not expressly address the rights of the parties to any further review of a disciplinary action after the City Manager has issued her or his final determination. Nevertheless, on the authorities cited above, an affected employee – but not the City[3] – has the right to review by the appellate division of the circuit court.

7

**Punishments Imposed**

As also established in Jean-Phillipe, the City of Miami Ordinances are clear that following a Civil Service Board review of a disciplinary action, the City Manager shall review the Civil Service Board's factual findings to determine whether they are supported by substantial competent evidence and also review the Board's disciplinary recommendation. In reviewing the disciplinary recommendation, the City Manager has three options: he or she may 1) affirm; 2) reverse; or 3) modify the disciplinary action against the employee. Jean-Phillipe, No. 17-1172 (Fla. 3d DCA ____, 2017). It is equally plain that the term "modify" necessarily includes the possibility of an increase in that disciplinary action up to and including dismissal. Thus, any employee who opts to seek a Civil Service Board review of a disciplinary action against him or her takes the risk that a harsher penalty may be imposed as a result of such an appeal and must give due consideration to that possibility when deciding whether or not to seek Civil Service Board review. See, City of Miami v. Reynolds, 34 So. 3d 119, 120 (Fla. 3d DCA 2010), where this Court agreed with the argument that "once misconduct has been

[3] We reiterate our determination in Jean-Phillipe that the City has no right to further review of the City Manager's ruling because he or she is acting on the City's behalf and no legal principle permits a party to appeal from its own actions. We also reiterate that any implication to the contrary in City of Miami v. Martinez-Esteve, 125 So. 3d 295 (Fla. 3d DCA 2013) was dictum. Moreover, that case did not address factual findings and conclusions of law by the Civil Service Board but instead involved only interpretation of City policy, so any such statement is inapplicable to the facts here in any event.

determined by the Civil Service Board, the penalty to be assessed comes within the exclusive discretion of the City Manager and may be imposed without elucidation."

Because the Ordinance language is clear and because there is a long line of cases reconfirming the City Manager's authority to "modify" a disciplinary sanction,[4] we reject Hagan's contention that he was not on notice that he could be terminated by the City Manager.[5] We further conclude that the appellate division violated this clearly established principle of law in ruling that the City was required to institute separate proceedings in order to terminate a civil service employee.

---

[4] City of Miami v. Reynolds, 34 So. 3d 119 (Fla. 3d DCA 2010), supra; Miami-Dade Cnty v. Jones, 778 So. 2d 409 (Fla. 3d DCA 2001) (same); Kee v. Miami-Dade Cnty, 760 So. 2d 1094 (Fla. 3d DCA 2000) (denying petition for certiorari "because the county manager has the complete discretion to determine the appropriate penalty where the hearing officer has decided that an offense requiring discipline was committed."); City of Miami v. White, 165 So. 2d 790, 791 (Fla. 3d DCA 1964) ("It may be that the punishment imposed was severe and obviously it was more severe than would have been imposed by the Civil Service Board, but as we have pointed out, it was not the prerogative of the Civil Service Board to punish the appellant but that of the City Manager."); State ex re. Eldredge v. Evans, 102 So. 2d 403, 405 (Fla. 3d DCA 1958) ("it was not the prerogative of the Civil Service Board to punish the appellant but that of the City Manager").

[5] We also reject Hagan's contention that his appeal was limited to an appeal of a suspension by virtue of City of Miami Civil Service Rule 14.10 and that no other discipline could be imposed against him as a result of the language of that rule. Hagan's request for hearing was not made under that Rule, but instead was made under Rule 14.3 and that rule specifically echoes the language of Ordinance 40-124 in recognizing the City Manager's ability to modify a disciplinary action and is not limited to actions involving only "employees reduced in pay or position, laid off or suspended."

Nowhere is there any authority for such a requirement. As stated above, the City Manager has the sole authority to affirm, reverse, or to modify the disciplinary action against the employee. Such modification can include dismissal. Thus, we reverse on these issue.

We acknowledge Hagan's argument that the City Manager's "modification" of his discipline from suspension to termination creates the appearance that Hagan was penalized for his decision to appeal his initial suspension through the Civil Service Board as opposed to arbitration or determining not to challenge the suspension. However, that is the result of the current wording of the Ordinances that we are powerless to modify.

## Factual Findings

As indicated above, upon review of the Civil Service Board's recommendations, the City Manager accepted the Civil Service Board's findings of fact. Thus, the City Manager's ability to review those facts is not an issue in this appeal. We note only to reiterate that the City Manager has the ability to review such findings of fact for the limited purpose of determining whether they are supported by competent substantial evidence and that her or his review is to be conducted in the same manner as any other reviewing agency. Jean-Phillipe and cases cited therein.

## Civil Service Board's Duty to Conduct Hearings

After oral argument, the appellate division of the circuit court directed the parties to submit additional documents. Based on those documents, the appellate division *sua sponte* concluded that the Civil Service Board did not have jurisdiction to conduct the hearing requested by Hagan because it was required to and had not conducted such hearing within thirty days of Hagan's request.

This issue was not raised by either party to the proceeding before it, but the appellate division determined that the issue of jurisdiction may be raised at any time. We do not dispute that ruling, but determine that it was misapplied in this case. Dep't of Revenue v. Graczyk, 206 So. 3d 157, 159 (Fla. 1st DCA 2016) ("The issue of whether a lower tribunal has subject matter jurisdiction is a question of law subject to *de novo* review." citing Faulk v. State, Dep't of Revenue, 157 So. 3d 534, 535–36 (Fla. 1st DCA 2015)). We are unable to locate, and the appellate division did not cite to, any case in which the failure to hold a hearing within a specified time has deprived a tribunal of jurisdiction.[6] "Generally so long as a court has jurisdiction over the subject matter and a party, a procedural defect occurring before the entry of a judgment does not render a judgment void." Sterling Factors Corp. v. U.S. Bank Nat. Ass'n, 968 So. 2d 658, 666 (Fla. 2d DCA 2007).

---

[6] As opposed to the failure of a party to timely file a pleading or other required document, which can deprive a tribunal of jurisdiction.

11

Once again, we reverse as the appellate division's conclusion departed from the essential requirements of the law. While we acknowledge that Ordinances 40-122 and 40-124 state that the Civil Service Board "shall proceed to hear such an appeal" thirty days from the appeal by an employee, we conclude that such terminology does not mean that the Civil Service Board loses its jurisdiction to hear an appeal if more than thirty days lapse after an employee files a request for such a hearing. First, there is no precedent for such a conclusion in the wide history of proceedings subsequent to Civil Service Board recommendations, and the Ordinances make no such conclusion. The ordinances require the Board after thirty days to "proceed to hear such appeal." It does not require that the hearing take place within the thirty days. It requires only that the Board proceed (which means to go forward) to having the hearing. The Civil Service Board Manual of Procedures requires only that the Board "schedule a hearing within 30 days after receipt of an employee's written request for such a hearing." All that is required is that the hearing be scheduled not that the hearing take place.

Hagan further argues that should the Civil Service Board not hold the hearing within thirty days the effect would be that the employee would be helpless to get her or his motion heard. That is not the case. As stated in City of Hollywood v. Fielding, 362 So. 2d 362 (Fla. 4th DCA 1978), where there is no statutory provision to remedy a Civil Service Board's failure to hold a hearing, an

12

affected employee may seek an order from the circuit court requiring the board to hold the hearing. Reinstatement of a disciplined employee or rescission of the discipline is not the proper remedy. Id. We agree.

We therefore conclude that the appellate division departed from the essential requirements of law on this issue as well and also reverse on that ground. In light of this reversal and the others above, we need not address the remaining issues raised by the City.

For the reasons stated above, we quash the opinion of the circuit appellate division and remand for further proceedings consistent with this opinion.